# Supreme Court of Florida

_____

No. SC14-1972

_____

**IN RE:  AMENDMENTS TO FLORIDA PROBATE RULE 5.590.**

[November 6, 2014]

PER CURIAM.

In response to recent legislation, The Florida Bar's Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report proposing an amendment to Florida Probate Rule 5.590 (Application for Appointment as Guardian; Disclosure Statement; Filing).  We have jurisdiction.  See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).

The Committee proposes amending subdivision (a)(1)(A) of rule 5.590 to require that an application for appointment as guardian include "a statement indicating whether the applicant has ever been (i) arrested or (ii) convicted of a felony, even if the record of such arrest or conviction has been expunged, unless the expunction was ordered pursuant to section 943.0583, Florida Statutes."  According to the report, the amendment is intended to conform the rule to recent amendments to section 943.0585(4)(a), Florida Statutes (2013), made by chapter

2014-124, Laws of Florida, which became effective July 1, 2014,[1] as well as to sections 744.309(3) and 943.0583, Florida Statutes (2014). The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the proposal.

After considering the proposed amendment and the relevant legislation, we amend rule 5.590 as proposed and reflected in the appendix to this opinion. New language is underscored. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]

---

1. See ch. 2014-124, §§ 6, 8, Laws of Fla.

2. All comments must be filed with the Court on or before January 6, 2015, with a certificate of service verifying that a copy has been served on the Committee Chair, Mr. Sean W. Kelley, 43 Cincinnati Avenue, Saint Augustine, Florida 32084-3244, sean@kelleyandkelley.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until January 27, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules Committee

Sean William Kelley, Chair, Florida Probate Rules Committee, Kelley & Kelley, P.L., St. Augustine, Florida, and John F. Harkness, Jr., Executive Director, and Heather S. Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

---

comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**RULE 5.590.** **APPLICATION FOR APPOINTMENT AS GUARDIAN; DISCLOSURE STATEMENT; FILING**

**(a)** **Individual Applicants.**

(1) The application for appointment shall contain:

(A) the applicant's qualifications to serve as a guardian, including a statement indicating whether the applicant has ever been (i) arrested or (ii) convicted of a felony, even if the record of such arrest or conviction has been expunged, unless the expunction was ordered pursuant to section 943.0583, Florida Statutes; and

(B) [No Change]

(2) [No Change]

**(b) – (d)** **[No Change]**

### Committee Notes

**Rule History**

1988 Revision - 2014 Revision: [No Change]

2014 Revision: Amends subdivision (a)(1)(A) to conform to sections 744.309(3), 943.0583, and 943.0585, Florida Statutes. Committee notes revised.

**Statutory References**

§ 393.063(17), Fla. Stat. Definitions.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 744.102(4), (9), (11), (14), (22) Fla. Stat. Definitions.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.3125, Fla. Stat. Application for appointment.
§ 744.331(1), Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 943.0583, Fla. Stat. Human trafficking victim expunction.
§ 943.0585, Fla. Stat. Court-ordered expunction of criminal history records.

**Rule References**

[No Change]